216                    April 15, 2016                    No. 24

IN THE OREGON TAX COURT
REGULAR DIVISION


EVERGREEN AVIATION & SPACE MUSEUM,
and the Captain Michael King Smith Education
Institute, dba Wings & Waves Water Park,
*Plaintiffs,*

*v.*

YAMHILL COUNTY ASSESSOR,
*Defendant,*

*and*

DEPARTMENT OF REVENUE,
*Defendant-Intervenor.*

(TC 5181, 5182)

    Plaintiffs (taxpayers) appealed to the Magistrate Division of the Tax Court as to exemption status of its real property under ORS 307.130. The matter was then specially designated to the Regular Division. Taxpayers argued that 100 percent of the property at issue (a waterpark) qualified for exemption under the statute as a scientific and educational institution. Defendant-Intervenor (the department) argued that the primary use of the facility was for recreation and fun, and that any scientific education was incidental to the primary use of the facility. Based upon the stipulated facts and testimony, the court found that from the point of view of the average visitor, the primary attraction of the waterpark was the recreational aspect of the facility rather than the scientific aspect, and that while displays and some other features of the facility presented facts about water and aviation, they were incidental and secondary to the primary attraction of the waterpark, which was the enjoyment of water for recreation. The court therefore concluded that the property at issue was not exempt from taxation.


    Trial was held August 18-19, 2015, in the courtroom of the Oregon Tax Court, Salem.

    Kevin L. Mannix, Attorney at Law, Salem, argued the cause for Plaintiffs (taxpayers).

    Daniel Paul, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant-Intervenor Department of Revenue (the department).

    Decision for Defendants rendered April 15, 2016.

    **HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court after trial and post-trial briefing by the parties. The parties have entered into certain stipulations with respect to the exempt status of a portion of the facility in question, the building footprint and parking lot area and personal property.

What remains is a decision about the remainder of a facility known as the Evergreen Wings and Waves Waterpark (the Waterpark). The year in question is the tax year 2012-13.

## II.   FACTS

The Waterpark is adjacent to facilities that have been found to be exempt from property tax, at least in part, by reason of being educational and scientific. The educational and scientific features of the adjacent facilities are focused on the history and scientific aspects of flight.

The Waterpark is composed of a large building, surrounding landscaping, a parking lot, and fixtures and equipment for supply of water, utilities, maintenance and operation of the Waterpark. A distinguishing feature of the Waterpark is that the fuselage of a Boeing 747 airplane has been placed on the roof of the facility.

Without undertaking a detailed description of the Waterpark, it is sufficient to note that the space, improvements to the space, fixtures and equipment is devoted, in the view of Plaintiff (taxpayer) to an educational and scientific operation that deserves tax exemption. Taxpayer points to displays, information boards and other items that could serve to educate about water and flight.

Defendant-Intervenor Department of Revenue (the department) has a different perspective. It sees a typical recreational waterpark facility primarily designed and operated for the recreation and fun of persons who use the facility. Admitting that there are some features of the facility that could and do at times possibly serve to educate about water and flight, the department views the primary use of the facility as being for recreation and fun. Any scientific education is, in the view of the department, incidental to

the primary use of the facility.[1] Other facts will be set out in connection with the analysis of the court.

### III.   ISSUE

The issue for decision is whether the Waterpark property is primarily devoted to an exempt activity.

### IV.   ANALYSIS

The statute in question is ORS 307.130, which, in relevant part, provides:

"(2)   Upon compliance with ORS 307.162, the following property owned or being purchased by art museums, volunteer fire departments, or incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(a)   Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."[2]

The legal principles for decision in this case are not unclear. Exemption is an exception to the general rule that all property is taxable. *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426-27, 723 P2d 320 (1986).

In cases where the intent of the legislature is unclear, the court will conclude that exemption is not warranted. *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 95 (2002).

In cases where the question is not legislative intent but whether a property fits the statute, even in close cases, exemption will be denied. *Washington Co. Assessor II v. Jehovah's Witnesses*, 18 OTR 409, 422 (2006). In this case, taxpayer bears the burden of proof in establishing the elements of exemption.

---

[1] Defendant Yamhill County Assessor (the county) and the department have conceded that the area known as the H2O Center is fully exempt. That area looks and, as viewed by the court, operates as would a typical science museum or educational facility.

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

Even though the statute states that property for which an exemption is claimed must be "exclusively occupied and used," for an exempt purpose, the use requirement is applied testing the "primary" use. *Willamette Univ. v. Tax Com.*, 245 Or 342, 422 P2d 260 (1966). Any property incidental and reasonably necessary in accomplishing the exempt function is also exempt. *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 36-37, 343 P2d 893 (1959). Even if property is not strictly necessary to accomplish the exempt function or, in operation, competes with nonexempt property, exemption is available if such property substantially contributes to the accomplishment of the exempt function. *Young Men's Christian Association v. Dept. of Rev.*, 268 Or 633, 634, 522 P2d 464 (1974).

Compared with a relatively limited space occupied by the H2O Center, conceded by the department to be exempt, the features of the Waterpark that are devoted to fun with water are extensive. Water slides and pools predominate. Persons visiting the Waterpark can experience pools of water as well as several large water slides, originating in the airplane fuselage placed on the roof of the structure.

Visitors wait up to 30 or 45 minutes to experience a 30-second ride on the water slides, and have available wave and other pools. In making use of these facilities, visitors are amortizing a $30 cost of admission, reduced by $5 for persons shorter than 42 inches in height.

An alternative fee applies for persons who make no use of the water facilities, and the primary reason for choosing the "dry" pass appears to be to visit the H2O Center. This fact supports the court's conclusion that, from the point of view of the visitor, the primary attraction of the Waterpark is the fun aspect of the facility rather than the scientific aspect of the facility. While wall displays and some other features of the facility present facts about water and aviation, these are, in the opinion of the court, incidental and secondary to the primary attraction of the Waterpark— the enjoyment of water for recreation.

Indeed, the record demonstrates that while some school and scouting groups make use of the Waterpark,

such use—even if it qualifies as use for science education—accounts for less than five percent of the total use of the Waterpark. The rate charged for such groups was the same as a group rate for general admission to all aspects of the facility. Of the total time of such visits, a very small part was devoted to education about water or flight.

The record indicates that relatively few staff are allocated to educational functions compared to the staff allocated to the recreational features of the Waterpark.

The staff allocation facts demonstrate the fundamental issue in this case. The department distinguishes between recreation and education. Taxpayer asserts, through academic and other testimony, that scientific education can, and perhaps often does, occur in environments other than school rooms and traditional methods.

Importantly, while taxpayer made these assertions through testimony of staff and the third-party academic person, no testimony or other evidence was offered from persons using the facility as to their purposes in coming to the Waterpark or the learning that occurred for them at the Waterpark. If the experience for which patrons pay a substantial admission charge was primarily related to scientific education, the court would expect to have heard about that from the patrons themselves.

In addition, the court does not see how the use of the airplane fuselage in connection with water slides accomplishes any purpose other than what can be accomplished at the aviation museums adjacent to the Waterpark. On this record the court simply cannot conclude that the primary purpose of the placement of the airplane was educational rather than promotional for the recreation facility that is the Waterpark.

## V.   CONCLUSION

Taxpayer has failed to bear its burden of proof to show that the primary use of the Waterpark is scientific or educational, within the meaning of those terms as used by the legislature. The court finds that, with the exception of areas covered by the stipulations of the parties, the primary use of the Waterpark is for recreational activities and

those areas are not exempt from property taxation. Now, therefore,

IT IS THE DECISION OF THIS COURT that the Waterpark property is not exempt from taxation.