IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Exemption Tax

BIBLE BELIEVERS BAPTIST CHURCH )
OF HILLSBORO, )
)
      Plaintiff, )   TC-MD 210086R
)
      v. )
)
WASHINGTON COUNTY ASSESSOR, )
)
      Defendant. )   **DECISION**

Plaintiff appealed Defendant's denial of a property tax exemption, dated December 22, 2020, for the 2020-21 tax year. A trial was held by video conference on March 1, 2022. Michael Mangan, Black Helterline LLP, appeared on behalf of Plaintiff. John Robinson (Robinson) and Danielle Garables (Garables) testified on behalf of Plaintiff. Jason Bush, Assistant County Counsel, appeared on behalf of Defendant. Garrison Winkle-Bryan (Winkle), senior property appraiser, testified on behalf of Defendant. Plaintiff's Exhibits 1 and 2, and Defendant's Exhibits A to G were received into evidence without objection. Exhibit H was submitted after trial and was not received into evidence.

## I. STATEMENT OF FACTS

Many facts in this case were stipulated, however, the parties also presented witnesses in support of additional facts. In late March 2020, Plaintiff's staff prepared an application for a property tax exemption (Application) for its church property located at 5968 SE Alexander, Suites A, B, & C, Hillsboro, Oregon 97123 (the Property). The staff member in charge of legal affairs had become ill and Garables was shifted into that role and assigned the task of completing the Application. She contacted Katy Eisenach, a supervisor in Defendant's tax department, in March 2020 and asked questions about the proper way to fill out the Application. Garables sent

email messages about the Application to Defendant's tax department. In reply, Defendant's staff member Alyssa Duncan (Duncan) wrote "we will reach out to you with any questions." Defendant did not retain emails from Garables in a file with Plaintiff's Application.

Garables checked a box on the Application indicating that no "portion of the property you lease [is] used by others" and left blank the box to indicate the square footage of the area used by others. Garables testified that she did not understand that the questions referred to the whole building of which Plaintiff only leased 7,395 of 12,795 total square feet. The Application included a copy of Plaintiff's lease and other supporting documents. Robinson is listed as the pastor for the church and signed the Application. The Application sought a property tax exemption for religious organizations under ORS 307.140.[1] The County received the Application on March 27, 2020 and filed it under tax account number R2139916. On June 9, 2020, Duncan sent an email to the address BBBCpdx@gmail.com[2] regarding the insufficiency of the Application—specifically the email requested clarification on the years for which the exemption was sought and the square footage of Plaintiff's lease. Plaintiff's Application did not contain an email address; the email address Duncan used is found on Plaintiff's web site. On July 7, 2020, Duncan sent a follow-up email asking for the same information as in the previous email. On October 21, 2020, Winkle sent an email to Plaintiff requesting additional information regarding the Application. On October 21, 2020, Robinson, using the address john@reborncontracting.com, replied to Winkle's October 21, 2020 email: "Received! Thank you so much, I'll get on this right away." Also on October 21, 2020, Winkle called Robinson and spoke to him about the Application. Robinson does not recall the conversation.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

[2] The stipulated facts contain a Scrivener's error, which the court corrects.

On November 24, 2020, Winkle sent a letter to the Property addressed to Pastor Robinson's attention. The letter notified Plaintiff that the exemption would be denied if there was no response to Defendant's information request by December 9, 2020. Plaintiff did not respond to Defendant's request by December 9, 2020. On December 22, 2020, Winkle sent a letter to Robinson informing him that the Plaintiff's tax exemption was denied because the requested information was not provided.

Robinson testified that church services, mail pickup and email communications were affected by the COVID-19 pandemic during 2020. Church services were mostly conducted by live streaming with very limited in-person attendance allowed. Robinson testified that he runs a small construction business that receives a number of emails related to permitting and he may have misunderstood which application Defendant was referring to in its October 21, 2020 email.

Plaintiff chose to work with a tax professional to apply for an exemption for the 2021-22 tax year. Defendant approved Plaintiff's exemption for the 2021-22 tax year on July 29, 2021.

## II. ANALYSIS

ORS 307.140 provides for an exemption from ad valorem property taxation for qualified property of religious organizations. Exemption from property taxes is not automatic; the party must file an application with the county assessor. ORS 307.162. Plaintiff's Application for the 2020-21 tax year was due on April 1, 2020, and was timely filed. ORS 307.162(1)(a).

Properties that are leased can be eligible for an exemption pursuant to ORS 307.140 if certain requirements are met. *See* ORS 307.112. The application for exemption must provide, inter alia, a complete description of the property claimed exempt; facts regarding the use of the property proving exempt purposes; a copy of the lease; and "any other information required by the claim form." ORS 307.112(2)(a)-(d). The claim form asks the question "is any portion of

the property you lease used by others?" Next, the form asks, "if yes, what is the square footage of the area used by others" Only the portion of the property which is "exclusively occupied and used" for an exempt purpose is eligible for exemption. *Evergreen Aviation & Space Museum v. Yamhill County Assessor*, 22 OTR 216, WL 1559051 (2016). A county may request additional documentation or information if a taxpayer's application is incomplete. *See* OAR 150-307-0190.

Before analyzing Plaintiff's arguments, it is helpful to make clear what the court is not considering. First, Plaintiff's Application in March 2020 stated the exemption sought was for the 2018-2019 and 2019-2020 tax years. This was clearly an error on Plaintiff's part as their lease did not begin until May 1, 2019. Plaintiff did not attach a late fee and it did not argue at trial that it was seeking a late exemption for those years. Thus, the court need not analyze those facts. Second, Plaintiff attached to its closing argument the Department of Revenue's Conference Decision No. 21-0008, denying Plaintiff's request for supervisory review of Defendant's denial of a property tax exemption, pursuant to ORS 307.475 (the hardship statute) because the request was untimely. That Conference Decision was not submitted as evidence at trial, and Plaintiff has its own appeal rights to the department's decision under ORS 305.275. No appeal of that Conference Decision is properly before this court. Third, Plaintiff's argument regarding applying the standard of "good and sufficient cause" under ORS 307.475 is not applicable to a timely filed application under ORS 307.162(4). Thus, that issue will not be discussed here.

A.      *Defendant's Duty is to Contact Plaintiff's Authorized Representative When Asking for More Information from a Defective Application for Property Tax Exemption*

Plaintiff argues that it "relied upon the representations of the County officials who accepted its Application as complete. It spoke with and emailed to confirm that the Application was complete. The missing information, a single box, was within the possession and knowledge of the County." (Ptf closing at 2) Further, Plaintiff argues that Defendant stated "that they would contact her [Garables] if

the County needed additional information," and it did not do so. (Ptf closing at 3).

The court views Plaintiff's argument as an application of estoppel—that Defendant told Plaintiff the Application was complete and therefore should not later be able to say it was incomplete. The Application looks complete on its face; it is only when analyzed that it appears to be defective with respect to the amount of leased space actually used for an exempt purpose. The law requires applicants to state all the facts necessary to decide whether to grant an exemption. That obligation does not belong to counties. Further, it is not obvious the square footage of the building that Plaintiff is exclusively using for exempt purposes. Merely accepting a form and stating it looks complete does not represent a false statement of material fact upon which Plaintiff should rely.

The second part of that argument is that Defendant's staff emails to Garables, stating that they would get back to her, should estop them from denying the exemption. The law requires Defendant to return an incomplete application "to the applicant for completion." Garables was not the applicant, nor the authorized representative designated on the Application. Further, Defendant's failure to maintain Garables' emails in the exemption file has no bearing on the case as Robinson, not Garables, was Plaintiff's authorized representative. The doctrine of estoppel is not warranted under the facts of this case.

Defendant's emails using Plaintiff's address contained on its website may have been insufficient. Even Robinson's email confirmation on October 21, 2020, stating that he received Defendant's request for more information and would "get on this right away," might not be sufficient. However, Defendant's November 24, 2020, letter to Robinson, using the address provided in Plaintiff's Application, meets the requirements of the law. Plaintiff was given notice of the defects in its Application and did not supply the necessary information by the deadline contained in the letter.

Lastly, Plaintiff argues that principles of equity require a different result. The court

understands the hardships surrounding COVID-19 during 2020. Employees in many businesses, as well as this court and many county offices, were limited in working from the office during 2020. This likely was the cause of Defendant's delay in asking Plaintiff for more information. However, Robinson received actual notice of the Defendant's request for information to correct the Application defects in November 2020, and responded that he understood. The Application could have been easily fixed, but for unknown reasons, Plaintiff did not do so. Even still, Plaintiff could have filed a late application for exemption until December 31, 2020, and did not do so. *See* ORS 307.162(2)(a) The result here is unfortunate, but it is correct under the law.

III. CONCLUSION

Plaintiff filed a timely Application for a property tax exemption. The Application was defective, and Defendant gave proper notice of the defects and requested Plaintiff provide missing information. Plaintiff did not provide the missing information, and thus Defendant was correct in denying the exemption for the 2020-21 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this _____ day of May 2022.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on May 5, 2022.*